No. 23-55332

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

---

T.A., a Disabled Adult, by and through her Guardian ad Litem
LIANA HARMANDJIAN

Plaintiff/Appellant

v.

COUNTY OF LOS ANGELES, by and through THE LOS
ANGELES DEPARTMENT OF CHILDREN AND FAMILY
SERVICES; ADRIENNE ZACHERY, an individual, and DOES 1
through 50, INCLUSIVE

Defendants/Appellees

On Appeal from the United States District Court
for the Central District of California
No. 2:21-cv-09757-SB-PD
Hon. Stanley Blumenfeld, Jr., United States District Judge

---

## APPELLEE'S BRIEF

---

Anita Susan Brenner, Esq.
Law Offices of Torres & Brenner
301 E. Colorado Blvd., Suite 614
Pasadena, CA 91101
Phone: (626) 792-3175
Email: info@torresbrenner.com
Attorneys for Defendant/Appellee
County of Los Angeles, a public
entity

## TABLE OF CONTENTS

JURISDICTIONAL STATEMENT ...................................................6

STATEMENT OF THE ISSUES ......................................................6

STATEMENT OF THE CASE ........................................................7

STANDARD OF REVIEW ...........................................................11

SUMMARY OF ARGUMENT ......................................................12

ARGUMENT....................................................................................12

I.    THE DISTRICT COURT DID NOT  ABUSE ITS DISCRETION IN DENYING RELIEF UNDER FED. R. CIV. P. 60........................12

    A.    Standard of Review....................................................12

    B.    Applicable legal standards .......................................13

        1. Rule 60(b) Grounds..............................................13

        2. Supreme Court Decisions: *Pioneer* and *Kemp* ...................13

        3. Ninth Circuit: district court's  discretion ............................14

        4. Excusable neglect standards ................................15

    C.    The district court correctly applied the *Pioneer* factors ..........16

    D.    The district ourt did not abuse its discretion in its assessment of the evidence presented and in its fact findings that Appellant did not show mistake, inadvertence or excusable neglect................................................19

        1. The *Pioneer* factors support the district court's rulings ......19

        2. The evidence supports the district court's finding that Appellee's counsels' conduct was not a mere mistake........19

        3. The evidence supports the district court's finding that Appellee's counsels' conduct was not due to inadvertence .......................................................20

        4. The evidence supports the district court's finding that Appellee's counsels'  conduct was not "excusable neglect" ...............................................................21

II.    THE COURT LACKS JURISDICTION TO REVIEW THE FEBRUARY 2, 2023, JUDGMENT AND ORDER GRANTING

APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE REMAINING CLAIMS FOR LACK OF PROSECUTION, BECAUSE APPELLANT DID NOT APPEAL THE FEBRUARY 2, 2023 ORDER....................................................22

    A.    Standard of Review..................................................23

    B.    Application of standard here.....................................23

III.    THE DISTRICT COURT DID NOT  ENTER SUMMARY JUDGMENT SOLELY BASED ON T.A.'S FAILURE TO FILE AN OPPOSITION WITHOUT CONSIDERING THE ISSUES PRESENTED ..................................................................24

    A.    Standard of Review..................................................24

    B.    Application of the Standard here ............................ 24

CONCLUSION.....................................................................25

Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6...................27

Form 8. Certificate of Compliance for Briefs...........................................28

# TABLE OF AUTHORITIES

## Cases

*Alaska Limestone Corp. v. Hodel*,
   799 F.2d 1409 (9th Cir. 1986) ...........................................................15
*Azerbaijan Ministry of Def. v. Reish*,
   815 F. App'x 180 (9th Cir. 2020) .......................................................19
*Bateman v. US. Postal Serv.*,
   231 F.3d 1220 (9th Cir. 2000) ...........................................................15
*Brady ex rel. Est. of Brady v. Hanger Orthopedic Grp., Inc.*,
   348 F. App'x 325 (9th Cir. 2009) .......................................................19
*Engleson v. Burlington Northern Railroad Co.*,
   972 F.2d 1038 (9th Cir. 1992) .....................................................11, 13
*Floyd v. Laws*,
   929 F.2d 1390 (9th Cir. 1991) ...........................................................13
*Gonzalez v. Crosby*,
   545 U.S. 524 (2017)...........................................................................13
*Halmon v. Jones Lang Wootton USA*,
   355 F.Supp.2d 239 (D. D.C. 2005)....................................................22
*Harman v. Harper*,
   7 F.3d 1455, 1457 (9th Cir. 1993) .......................................................6
*Kemp v. United States*,
   596 U.S. __, 142 S. Ct. 1856 (2022).................................... 12, 14, 20
*Kyle v. Campbell Soup Co.*,
   28 F.3d 928 (9th Cir. 1994) ...............................................................22
*Lacey v. Maricopa Cty.*,
   693 F.3d 896 (9th Cir. 2012) .............................................................15
*Marx v. Loral Corp.*,
   87 F.3d 1049 (9th Cir. 1996) .............................................................15
*Molloy v. Wilson*,
   878 F.2d 313, 315 (9th Cir. 1989) .........................................11, 13, 24
*Monell v. Dep't. of Soc. Servs.*,
   436 U.S. 658 (1978)..........................................................................7, 9
*Pincay v. Andrews*,
   389 F.3d 853 (9th Cir. 2004) ....................................................... 14, 15

*Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*,
   507 U.S. 380 (1993) .......................................................................... 12, 13, 14, 16

**Statutes**

42 U.S.C. §1983 ..................................................................................................7
Cal. Welf. & Inst. Code § 827 ...........................................................................24

**Other Authorities**

Edgerton, Henry W., *Negligence, Inadvertence, and Indifference: the Relation of
   Mental States to Negligence* 39 Harv. L.R. 849, 851. (1926). .............................21

**Rules**

Fed. R. App. P. 4(a)(4)(A)(vi) ...........................................................................6, 23
Fed. R. Civ. P 6(b) ............................................................................................22
Fed. R. Civ. P 60(b) ..............................................................................11, 12, 13, 24
Fed. R. Civ. P 60(b)(1) ......................................................................... 12, 13, 25
Fed. R. Civ. P. 60 .......................................................................................... 6, 12, 23
Fed. R. Civ. P. 60 (c)(2) ....................................................................................23
Fed. R. Civ. P. 60(b)(6) .....................................................................................25
Fed. R. Civ. P. 78 ..............................................................................................10

## JURISDICTIONAL STATEMENT

The Court has jurisdiction to review the March 15, 2023, order denying relief under Fed. R. Civ. P. 60, because T.A. filed a timely notice of appeal on April 10, 2023.  ER 23, SER 1-8; *Harman v. Harper*, 7 F.3d 1455, 1457 (9th Cir. 1993).

The Court lacks jurisdiction to review the February 2, 2023, order granting summary judgment as to Appellee and dismissing as to un-served defendants. Any arguable extensions under Fed. R. App. P. 4(a)(4)(A)(vi), have now expired because T.A.'s notice of appeal expressly is from the Order of March 15, 2023, denying the motion for relief from judgment. ER 23, SER 1-8. The notice of appeal attached the March 15th Order denying relief from Judgment but neither attached nor referenced the February 2nd Order granting MSJ. SER 2-8.

The Court has jurisdiction to consider the February 2nd Order granting MSJ in the context of its review of the March 15th Order, but the review is limited to the denial of relief under Fed. R. Civ. P. 60.

## STATEMENT OF THE ISSUES

1. Whether the district court abused its discretion in denying relief  on March 15, 2023, under Fed. R. Civ. P. 60.

2. Whether the Court has jurisdiction to review the February 2nd Order Order granting summary judgment, where T.A. failed to file a notice of appeal

from that order.

3.      Whether the February 2nd Order granting MSJ, on its face,  negates

T.A.'s argument that district court entered summary judgment solely based on

T.A.'s failure to file an opposition without considering the issues presented.

## STATEMENT OF THE CASE

Appellant T.A., through her mother and guardian ad litem Liana

Harmandjian, filed this action in September 2021, alleging claims against County

of Los Angeles and its social worker, Adrienne Zachery, based on T.A.'s

temporary removal from her mother's custody in 2016.  SER 130-143.  Social

Worker Zachery did not appear in the district court and T.A. did not file a proof of

service as to Zachery. [1] ER 17-24, SER 149.

The sole claim against County was the fifth claim for violation of 42 U.S.C.

§1983, *Monell*-related claims – inadequate training of social workers, inadequate

supervision, failure to remove bad workers, ignoring similar allegations of

misconduct. SER 130-143, See SER 140.

County filed an Answer denying liability and asserting various affirmative

---

[1] The causes of action against Zachery were (1) Familial Association, 42 U.S.C. §1983, 14th Amendment. Punitive damages due to governmental corruption. (2) 42 U.S.C. §1983, 1st Amendment – Retaliation, Punitive damages. (3) 42 U.S.C. §1983 – 5th and 14 Amendments – violation of Procedural and Substantive Due Process - false representations by Zachery, and (4) state tort of "perjury."

defenses. SER 111-129.

A notice of assignment to United States Judges was issued on December 21, 2021. SER 110.

On December 28, 2021, the district court issued its Standing Order and Mandatory Scheduling Conference (MSC) Order (hereafter, "Standing Order.") SER 94-109. The Standing Order expressly stated, in capital letters and bold font: "READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE AND DIFFERS IN PART FROM THE LOCAL RULES. FAILURE TO COMPLY MAY RESULT IN SANCTIONS." SER 94.

The Standing Order directed the parties to review the District Court's specific rules for MSJs. SER 104. "Motions for Summary Judgment. Please refer to Judge Blumenfeld's Standing Order re Motions for Summary Judgment found at https://www.cacd.uscourts.gov/honorable−stanley−blumenfeld−jr." SER 104.

By following the link, the parties encountered the MSJ Order, entitled, "Order re: Motions for Summary Judgment [Updated 1-26-22]." SER 68-76. The MSJ Order expressly warned the parties in bold font: "READ THIS ORDER CAREFULLY BECAUSE IT CONTROLS THIS CASE AND DIFFERS IN PART FROM THE LOCAL RULES." SER 68.

On January 3, 2022, defense counsel served both the Standing Order and the

MSC Scheduling Conference Order on Plaintiff's counsel.[2]  SER 80-93.

In January 2023, T.A. failed to participate in the preparation of the joint papers to oppose the County's MSJ, in violation of the district court's MSJ Order. SER 16-25, 77-79, 144.

On January 23, 2023, County filed a Notice of Motion and Motion for Summary Judgment, an application to file the Joint Brief, Joint Appendix of Facts, and Joint Appendix of Evidence under seal, and a Sealed declaration in support of the application to file under seal, with a proof of service of the under seal submission on T.A.'s counsels. ER 21, SER 144.

On January 24, 2023, the district court issued an order noting Appellant's noncompliance, explaining that it was unclear whether Plaintiff intended to concede the MSJ." SER 9, ER 31.  The court ordered Appellant to transmit the "required contributions to the joint brief and joint appendices of facts, evidence and objections" by January 30, 2023. Defense counsel would file the amended joint motion by the following day, January 31, 2023.  SER 9, ER 21, Dkt. 31.

There was no response by Appellant's counsels.

On February 2, 2023, the Court issued its Order granting County's MSJ, holding that T.A.'s *Monell* claim failed on the merits. The Order dismissed T.A.'s

---

[2] The Standing Order instructed counsel for the plaintiff  to immediately serve the Order on all parties. SER 94.  Plaintiff's counsel did not do so.  ER 18-24.

claims against Zachery, without prejudice for lack of prosecution. SER 144-149. The Court entered a separate final judgment the same day. ER 3.

On February 9, 2023, T.A.'s counsel filed a motion for relief from dismissal and/or for reconsideration under Local Rule 7-18. ER 4-16. In the motion, T.A.'s counsel asserted that her failure to respond to the MSJ was due to a calendaring error, counsel's vacation, and technical difficulties. ER 4-16. Also on February 9, 2023, T.A. filed an ex parte application to shorten time for the hearing on her motion, which was denied. SER 15. On February 14, 2023, County filed an opposition to the motion for relief from judgment. ER 31-34; SER 16-67, 152-154. Appellant's counsels did not file a reply to County's opposition. ER 21-22, SER 12. On March 8, 2023, the district court vacated the hearing, and made a finding that the matter was suitable for decision without oral argument. Fed. R. Civ. P. 78. ER 23.

On February 9, 2023, T.A.'s counsel submitted a filing that purported to be a joint summary judgment brief that included both parties' arguments. SER 22, ¶ 32. The filing was under seal and a conformed copy was not served on Appellant's counsel. *Id.* Based on the e-mailed copies, Brenner advised the district court that the unconfirmed service copy altered County's portions of the joint brief. SER 22-23, (Brenner Decl., ¶¶ 32-33).

On March 15, 2023, the district court issued its Order denying T.A.'s motion

10

for relief from the judgment on March 15, 2023.  SER 9-14.

On April 14, 2023. T.A. filed a notice of appeal from the March 15, 2023, order denying relief from judgment. SER 1-8. The notice of appeal attached the order denying relief under Rule 60, and expressly stated that the appeal was from the March 15, 2023, Order.  SER. 1, 2-8.  The notice of appeal did not attach the February 2, 2023, Order denying summary judgment.  SER 1-8, *c.f.* SER 144-149.

On April 11, 2023, T.A. filed a petition for writ of mandamus, in the related case entitled, *In re: T.A., as Disabled Adult, by and through her Guardian Ad Litem, Liana Harmandjian*. Case No. 23-7059, Dkt. No. 1. The petition was denied on April 21, 2023.  Ninth Cir. Case No. 23-7059, Dkt. No. 3.

## STANDARD OF REVIEW

Appellate review of the denial of a Fed. R. Civ. P 60(b) motion is under the abuse of discretion standard.  See *Molloy v. Wilson,* 878 F.2d 313, 315 (9th Cir. 1989).  Under this standard, the appellate court can reverse only if a district court "does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion."  *Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992); *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991).

**SUMMARY OF ARGUMENT**

T.A. did not file a timely notice of appeal from the February 2, 2023, Order granting the MSJ and dismissal of the social worker defendant for lack of prosecution.

Fed. R. Civ. P. 60(b) provides six grounds for relief from a judgment. In her motion, T.A. asserted one ground in support of her motion: "mistake, inadvertence, surprise, or excusable neglect." ER 6. Fed. R. Civ. P 60(b)(1). The district court properly ruled that T.A.'s attorneys had not met their burden of showing burden of showing by clear and convincing evidence that the admitted negligence of counsel was excusable. This Court should affirm.

The district court correctly applied the standards of *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 395 (1993), and *Kemp v. United States*, 596 U.S. __, 142 S. Ct. 1856 (2022). The weighing of *Pioneer's* equitable four factors is left to the discretion of the District Court.

**ARGUMENT**

**I. THE DISTRICT COURT DID NOT ABUSE ITS DISCRETION IN DENYING RELIEF UNDER FED. R. CIV. P. 60**

**A. Standard of Review**

Appellate review of the denial of a Fed. R. Civ. P 60(b) motion is under the abuse of discretion standard. See *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir.

12

1989). Under this standard, the appellate court can reverse only if a district court "does not apply the correct law, rests its decision on a clearly erroneous finding of a material fact, or applies the correct legal standard in a manner that results in an abuse of discretion." *Engleson v. Burlington Northern Railroad Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992); *Floyd v. Laws*, 929 F.2d 1390, 1400 (9th Cir. 1991).

### B.   Applicable legal standards

#### 1.   Rule 60(b) Grounds

Fed. R. Civ. P. 60(b) provides six grounds for relief from a judgment. In the present case, T.A. asserted one ground in support of her motion. She invoked "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P 60(b)(1). T.A. had the burden of showing by clear and convincing evidence that the admitted negligence was excusable.

Although Appellant does not assert "any other reason that justifies relief," she has not shown any extraordinary circumstances warranting relief under Rule 60(b)(6). See *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2017)

#### 2.   Supreme Court Decisions: *Pioneer* and *Kemp*

Two United States Supreme Court cases set the standard for review of "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1). The cases are: *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership, supra,* 507 U.S. 380, 395 (1993) ("*Pioneer*"), and *Kemp v. United*

*States*, 596 U.S. __, 142 S. Ct. 1856 (2022) ("*Kemp*").

Under *Pioneer*, "the determination of whether a party's neglect is excusable is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 395. Among the "relevant circumstances" to be considered are "[1] the danger of prejudice to the [nonmovant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.  Under *Kemp*, Rule 60 is interpreted under the plain meaning standard  "When the Rule was adopted in 1938 and revised in 1946, the word 'mistake' applied to any 'misconception,' 'misunderstanding,' or 'fault in opinion or judgment.'"  Slip. Opinion, pp. 4-5.

### 3.    Ninth Circuit: district court's  discretion

The leading authority interpreting *Pioneer* is *Pincay v. Andrews*, 389 F.3d 853, 858 (9th Cir. 2004), cert. denied 544 U.S. 961 (2005), an *en banc* opinion analyzing the confusing and contradictory applications of *Pioneer* amongst the Circuits. "Despite this confusion, there appears to be general agreement on at least one principle: the standard of review. We review for abuse of discretion..." *Pincay, supra*, at 858. The Court in *Pincay* concluded that the discretion lies with the district courts. There are no hard and fast rules. "We are persuaded that, under

14

*Pioneer*, the correct approach is to avoid any per se rule." *Pincay, supra*, at 860. "Instead, we leave the weighing of *Pioneer*'s equitable factors to the discretion of the district court in every case." *Id.*

The test under *Pincay* is whether "the lower court committed a clear error of judgment in the conclusion it reached after weighing the relevant factors." *Pincay, supra*, 389 F. #d. at 858. In the present case, the district court weighed the factors, and considered the issue in the context of the entire record. The district court is required to make a record of its analysis of the *Pioneer* four factors. *Bateman v. US. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000). The Court then defers to the discretion of the district court, and limits itself to abuse of discretion review, provided the four factors are analyzed.

### 4. Excusable neglect standards

In addition to the four factors analysis, in the Ninth Circuit, "the standard for determining excusable neglect is a 'strict' one." *Alaska Limestone Corp. v. Hodel*, 799 F.2d 1409, 1411-12 (9th Cir. 1986). It only allows an extension of time where "both extraordinary circumstances preventing a timely filing and injustice resulting from denying the appeal" are present. *Marx v. Loral Corp.*, 87 F.3d 1049, 1053–54 (9th Cir. 1996) (appeal deadline docketed a day late because of failure to realize August contains thirty-one days), overruled on other grounds by *Lacey v. Maricopa Cty.*, 693 F.3d 896 (9th Cir. 2012) (*en banc.*)

### C.   The district court correctly applied the *Pioneer* factors

On its face, the Order denying relief from judgment demonstrates that the trial court applied the *Pioneer* factors. SER 10.  The trial court separately analyzed the four factors. SER  10-13.

The district court began with the third factor, the reason for Plaintiff's delay. SER 11. The court noted that it was significant that T.A. was represented by two counsel and the lead counsel (Davis) had not submitted a declaration. SER 11. See also SER 12.  The district court concluded that "[e]ven accepting" Wenning's explanations as true, the evidence was "uncontroverted" that defense counsel reached out to Wenning in early December of 2022 to discuss the district court's procedures for MSJ, and to identify flaws in T.A.'s case. SER 11. Defense counsel wrote to both Wenning and Davis to explain the district court's procedures. and enclosed a copy of the district court's MSJ Order. SER 11. Defense counsel offered to meet by Zoom any time through the January 2, 2023, deadline to discuss the district court's MSJ procedures. SER 11. Wenning did respond and met with defense counsel by Zoom to confer about the merits of the case and the district court's procedures contained in the MSJ Order. SER 11. Defense counsel enclosed another copy of the MSJ Order in her January 6, 2023 email containing County's portion of the joint papers, which she sent to both Wenning and lead counsel Davis. SER 11. She spoke with Wenning on multiple occasions in connection with

16

two other pending cases. SER 11.

Wenning responded on Friday, January 6, 2023, at 8:30 p.m., that she was leaving for vacation on Tuesday and asked for an extension. SER 11-12. Brenner tried to reach T.A.'s counsels on Saturday, January 7, 2023, without any response. SER 12, 21-23 ¶¶ 27-28. The Court noted that Wenning's papers did not dispute that that "defense counsel responded before Wenning left on her trip and let her know that Wenning's request for an extension 'is up to the District Judge, who requires that you follow his procedures,' and asked Wenning to send a proposed order if she had one." SER 12, See also ER 13.

The district court then concluded that T.A.'s failure to respond to the MSJ "was not due to one or even two calendaring errors or oversights." SER 12. "Wenning had notice more than a month in advance of her need to participate in the joint MSJ briefing." SER 12. She did not ask Davis for assistance to either seek an extension or prepare briefing. SER 12. By "her own admission" she "failed to read and review" the Court's January 24, 2023 order giving her another chance to oppose the MSJ. "Wenning does not claim that she did not receive the order, which was sent to both her and Davis with a summary that included the new deadlines and order to show cause." She admitted that she did not read the order. SER 12, See ER 21, Dkt. No. 31.

The district court then analyzed the remaining *Pioneer* factors, including

17

prejudice to the County due to repeated delay and failure to meet obligations. SER 134, referencing SER 20-21, ¶ 23, SER 23, ¶ 35. The district court found that "length of delay" factor favored Plaintiff. SER 13. The "good faith" factor weighed against a finding of excusable neglect because Davis had offered no explanation and he was lead counsel, and Wenning left for vacation without requesting an extension from the Court. On return, Wenning failed to read the Court's January 24 order-or even its summary contained in the notification email-when she received it." SER 13. See ER 21, Dkt. 31.

The district court then concluded that it was clear that the failure to respond to the MSJ was not due to one or even two calendaring errors or oversights. Instead, T.A.'s counsel Wenning had notice more than a month in advance of her need to participate in the joint MSJ briefing. Further, "defense counsel repeatedly explained the Court's procedures; and Wenning simply failed to follow them. Moreover, Wenning was informed (and otherwise should have known) that any extension must be requested from the Court, and she failed to seek an extension. Nor, evidently, did she ask Davis for assistance either to seek an extension or to prepare Plaintiff's briefing on the MSJ once Wenning discovered that she could not access the relevant files while on vacation. And, critically, even after missing her initial obligation and after returning from vacation, Wenning by her own admission 'failed to read and review' the Court's January 24 order giving her

another opportunity to oppose summary judgment." SER 13.

**D.     The district court did not abuse its discretion in its assessment of the evidence presented and in its fact findings that Appellant did not show mistake, inadvertence or excusable neglect.**

**1.     The *Pioneer* factors support the district court's rulings**

The analysis of the *Pioneer* four factors favors the defense because Plaintiff's counsels received the January 24, 2023 Order but did not read it.

Wenning admits she received the January 23, 2023 order, but did not read the Order. SER   See *Azerbaijan Ministry of Def. v. Reish*, 815 F. App'x 180, 181 (9th Cir. 2020) (affirming denial of Rule 60(b) motion where neither of plaintiff's attorneys, at least one of whom received notice of MSJ, checked the district court docket or responded to the motion); *Brady ex rel. Est. of Brady v. Hanger Orthopedic Grp., Inc.*, 348 F. App'x 325, 326 (9th Cir. 2009) (explaining that district court did not abuse its discretion under the "excusable neglect" standard where plaintiff failed to oppose MSJ and did not show he was unaware of motion or unable to request an extension for the entire time period before his response was due).

**2.     The evidence supports the district court's finding that Appellant's counsels' conduct was not a mere mistake**

In support of a motion for relief from judgment, a plaintiff must show, by

clear and convincing evidence, that there was mistake, inadvertence or excusable neglect.  The first prong is "mistake." There was no mistake here.  Appellant's counsels do not assert a misunderstanding of the rules, of the law or of the district court's procedures. Instead, one counsel, Wenning, admits she saw the January 24th Order and did not review it.  The other lead counsel, Davis, is silent.

It is undisputed that defense counsel repeatedly explained the district court's procedures and repeatedly sent both Attorney Davis and Attorney Wenning copies of the district court's MSJ Order.  SER 18-19, ¶¶10-16, SER 45- 53 (Exhs. 6-9), SER 10-11 (Exh. 5).  Under the plain meaning standard set forth in *Kemp*, the record supports the district court's finding that there was no mistake or calendaring issue.

### 3.    The evidence supports the district court's finding that Appellee's counsels' conduct was not due to inadvertence

The second prong is "inadvertence."  The timeline shows that there was no inadvertence. Attorney Wenning asserts that  she emailed defense counsel, asking for an extension, on January 6, 2023, but that defense counsel waited three days to respond. ER 10 (Wenning Decl.), ¶ 4. The declaration omits the following facts: (1) Ms. Wenning's email was sent on a Friday night, at 8:30 p.m., and (2) defense counsel made numerous attempts to communicate with Wenning and Davis beginning on Friday night, January 6, 2023, and continuing to January 9, 2023.

SER 17-22 (Brenner Decl.) ¶¶ 2-3, 20, 22, 25, 27, 28,  SER 27 (Exh. 1), SER 62
(Exh. 12), SER 64 (Exh. 13).

Appellant's counsel (Wenning) argued to the district court that from January
6 through 10, 2023, she was preoccupied with other work.  However, the Court's
Order was issued on January 24, 2023, two weeks later, four days after Wenning's
return. ER 21, Dkt. No. 31. This e-mail transmitting the January 24th order
included a warning and the deadline "No later than January 31, 2023." SER 67
(Exh. 14), SER 22 (Brenner Decl.) ¶ 30. In the motion below, Appellant did not
does not address this warning.  This decision to not review a Court Order,
particularly one that references an OSC is "advertence."  See Edgerton, Henry W.,
*Negligence, Inadvertence, and Indifference: The Relation of Mental States to
Negligence* 39 Harv. L.R. 849, 851. (1926).

### 4.     The evidence supports the district court's finding that Appellant's counsels'  conduct was not "excusable neglect"

The only remaining theory is "excusable neglect."  Plaintiff's counsel
Wenning declares that she  relied on a calendar entry by a paralegal .  Yet, the
Order itself set the deadlines and an OSC. The CM/ECF email, which transmitted
the Order, also stated the deadlines. Brenner Decl., ¶ 30; Exhibit 14. Thus, the
paralegal's error was not the cause of the neglect. The larger question is whether
the failure to read the January 24, 2023 Order was excusable neglect.

There is case law that cuts against Plaintiff's argument. In *Halmon v. Jones Lang Wootton USA*, 355 F.Supp.2d 239 (D. D.C. 2005), the Court permitted supplemental briefing on a motion for partial summary judgment. One party filed a late opposition: the other complied with the Court's orders and deadlines. The District Court refused to consider a late opposition and described as "lame" counsel's excuse that she "did not place the due date on her calendar." 355 F. Supp.2d at 242.

By analogy to a similar rule, in *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931-32 (9th Cir. 1994), the Ninth Circuit reversed an order granting an enlargement of time under Rule 6(b) to file a motion for attorney's fees because an attorney's mistake calculating the time to file a motion for attorney's fees did not amount to excusable neglect.

In the present case, T.A.'s counsels did not need to check the calendar. The deadline was set forth in the January 24, 2023, Order and the CM/ECF email that transmitted the Order.

## II. THE COURT LACKS JURISDICTION TO REVIEW THE FEBRUARY 2, 2023, JUDGMENT AND ORDER GRANTING APPELLEE'S MOTION FOR SUMMARY JUDGMENT AND DISMISSING THE REMAINING CLAIMS FOR LACK OF PROSECUTION, BECAUSE APPELLANT DID NOT APPEAL THE

**FEBRUARY 2, 2023 ORDER**

**A.     Standard of Review**

The determination of jurisdiction and appealability is a question of law, and therefore subject to de novo review.

**B.     Application of standard here**

T.A. argues that County's motion for summary judgment was improperly granted. AOB 3, 14, 20-21.

This Court lacks jurisdiction to review the grant of the MSJ because T.A. did not file a timely appeal from the Judgment issued on February 2, 2023. ER-3.  The notice of appeal was filed on March 15, 2023. ER 23; SER 1-8. The notice attached the March 15th order, not the February 2nd order. SER 2-8, c.f. SER 144-149. As a result, the Court's review is limited to the denial of T.A.'s  motion to set aside the judgment under Fed. R. Civ. P. 60. In reviewing the Rule 60 denial, the Court may consider the Sealed District Court Order granting the MSJ (SER 144-149), in the context of its review of the denial of Rule 60 relief.

The filing of the motion for relief from judgment on February 9, 2023, did not affect the finality of the judgment of February 2, 2023.  Fed. R. Civ. P. 60 (c)(2); Fed. R. App. P. 4(a)(4)(A)(vi). However, any arguable extensions under Fed. R. App. P. 4(a)(4)(A)(vi), have now expired because T.A.'s notice of appeal expressly is from the Order of March 15, 2023, denying the motion for relief from

judgment. ER 23, SER 1-8. Appellant's notice of appeal attached the Order denying T.A's motion for relief from Judgment. SER 2-8. It did not attach nor reference the February 2, 2023, order granting MSJ. SER 1-8.

## III. THE DISTRICT COURT DID NOT ENTER SUMMARY JUDGMENT SOLELY BASED ON T.A.'S FAILURE TO FILE AN OPPOSITION WITHOUT CONSIDERING THE ISSUES PRESENTED

### A. Standard of Review

Appellate review of the denial of a Fed. R. Civ. P 60(b) motion is under the abuse of discretion standard. See *Molloy v. Wilson*, 878 F.2d 313, 315 (9th Cir. 1989).

Appellant argues that the MSJ grant must be reviewed under the de novo standard. AOB p. 15. As briefed above, Appellant has waived her right to appeal the order granting MSJ. In the context of her appeal from the denial of relief from the judgment, the Court is limited to abuse of discretion review.

### B. Application of the Standard here

The Order granting summary judgment was filed under seal due to the considerations of California Welfare and Institutions Code section 827. SER 144-149. It is clear from the Order that the district court analyzed the moving papers to determine if they supported the motion.

Despite the clear language of the sealed Order, Appellant argues that the

24

district court granted summary judgment without evaluating the motion:

> "In this case, the District Court focused solely on plaintiff's failure to file an opposition and failed to even consider whether defendants'' unopposed papers were in themselves sufficient to support MSJ on their face and reveal a genuine issue of material fact. ***No such evaluation occurred.*** The Court focused solely on plaintiff's failure…"

AOB 16, emphasis in the original.

The record does not support Appellant's argument. The record of the Order, filed under seal, (SER 144-149) shows that the district court independently reviewed the record. SER 145, fn. 1. The district court applied the same standard cited by Appellant, specifically, that a district court may not grant a MSJ merely because there is no opposition. SER 146. The district court then evaluated the moving papers and the record before forming its conclusions. SER 146. The district court rejected one MSJ ground asserted by the defense. SER 147-148. The district court evaluated and accepted the second ground for MSJ. SER 147.

## CONCLUSION

The district court did not abuse its discretion in denying T.A.'s request for relief under Rule 60(b)(1). Further, the record presented in T.A.'s motion did not establish excusable neglect under Rule 60(b)(1), nor extraordinary circumstances warranting relief under Rule 60(b)(6). Here, the district court applied the *Pioneer* factors and weighed the evidence against a record that reasonably supports the

district court's conclusions. Appellee respectfully requests that the district court's order denying Rule 60 relief  be affirmed.

Respectfully submitted,

Dated: August 9, 2023         LAW OFFICES OF TORRES & BRENNER

By: _____
          Anita Susan Brenner, Esq.
          Attorneys for Appellee County of Los
          Angeles, a public entity

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form17instructions.pdf

**9th Cir. Case Number(s)** 23-55332

The undersigned attorney or self-represented party states the following:

[ ]  I am unaware of any related cases currently pending in this court.

[ ]  I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ X ]  I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

*In re: T.A., as Disabled Adult, by and through her Guardian Ad Litem, Liana Harmandjian*. Ninth Circuit Case No. 23-7059.

**Signature** */s/ Anita Susan Brenner*                    **Date** August 9, 2023
*(use "*s/[typed name]*" to sign electronically-filed documents)*

27

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form: http://www.ca9.uscourts.gov/forms/form08instructions.pdf*

**9th Cir. Case Number(s)** _____23-55332_____

I am the attorney or self-represented party.

**This brief contains 5761 words,** including _____ words manually

counted in any visual images, and excluding the items exempted by FRAP 32(f).

The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:

    [ ] it is a joint brief submitted by separately represented parties.
    [ ] a party or parties are filing a single brief in response to multiple briefs.
    [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** */s/ Anita Susan Brenner*_____ **Date** August 9, 203_____
*(use "s/[typed name]" to sign electronically-filed documents)*